## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES LUTTRELL, | CIVIL ACTION 1:16-cv-05463 |
| Plaintiff, | |
| v. | COMPLAINT |
| VIRTUOSO SOURCING GROUP, LLC., | |
| Defendant. | JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, JAMES LUTTRELL ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, VIRTUOSO SOURCING GROUP, LLC ("V.S.G."), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for V.S.G.'s violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because V.S.G. conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

1

PARTIES

4.   Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

5.   V.S.G. is a foreign limited liability company with its principal office located at 4500 Cherry Creek Drive South, Suite 300, Glendale, Colorado 80246. V.S.G. is a third party debt collector engaged in the collection of delinquent consumer accounts, directly or indirectly, asserted to be owed or due to others using the mail and/or telephone nationwide, including in the State of Illinois. V.S.G.'s Illinois registered agent, Illinois Corporation Service C, is located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

### FACTS SUPPORTING CAUSE OF ACTION

6.   In or around 2010, Plaintiff incurred a debt through a MasterCard credit card in the amount of $600.00 ("subject debt").

7.   V.S.G. subsequently acquired the collection rights to the subject debt.

8.   At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 9093. Plaintiff is and has always been financially responsible for his cellular phone ending in 9093 and its services.

9.   In October 2014, Plaintiff began receiving calls to his cellular phone from the phone number 888-871-4774.

10. The calls persisted and Plaintiff finally answered a call to determine the identity of the caller later in October 2014.

11. During this call, Plaintiff noticed an approximate 3-second pause between the time he said "hello," and the time that a live agent engaged Plaintiff in a conversation.

12. After listening to V.S.G.'s collection attempt, Plaintiff advised V.S.G. that he could not pay the subject debt and is living on social security disability benefits. Furthermore, Plaintiff requested that V.S.G.'s cease placing calls to his cellular.

13. V.S.G. responded by stating that remittance is needed for the subject debt and that Plaintiff needed to pay it.

14. Notwithstanding Plaintiff's request that the calls cease, V.S.G. continued to place harassing collection calls to Plaintiff on his cellular phone attempting to collect the subject debt as many as 3 times per day.

15. Between October 2014 and December 2014, Defendant has placed no less than 79 calls to Plaintiff's cellular phone.

16. Throughout this period, Plaintiff answered approximately 3 calls from V.S.G. and, during each call, Plaintiff reiterated that he could not pay the subject debt and was living on social security disability benefits. Furthermore, he requested that V.S.G. cease placing collection calls to his cellular phone.

17. The frequency of V.S.G.'s calls to Plaintiff's cellular phone has severely disrupted Plaintiff's everyday life and general well-being.

18. V.S.G.'s phone harassment campaign was highly upsetting and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of his cellular phone services, reduced battery life, and has further diminished space for data storage on his cellular phone.

19. As a result, Plaintiff was forced to expend time and energy to retain counsel as a result of V.S.G.'s conduct.

3

### COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

20.     Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21.     The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

22.     The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

23.     Upon information and belief, based on the pause and lack of prompt human response during the calls Plaintiff answered on his cellular phone, V.S.G. used a predictive dialing system to place calls to Plaintiff's cellular phone.

24.     "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

25.     "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

26.     The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

4

27. V.S.G. violated the TCPA by placing no less than 79 calls to Plaintiff's cellular phone between October 2014 and December 2014, using an ATDS without his consent.

28. On several occasions, Plaintiff requested that V.S.G. cease its collection calls to no avail.

29. As pled above, Plaintiff was substantially harmed by V.S.G.'s collection calls to his cellular phone.

30. Pursuant to 47 U.S.C. §227(b)(3)(B), V.S.G. is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), V.S.G.'s willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, JAMES LUTTRELL, requests that this Honorable Court:

a.  Declare V.S.G.'s cellular phone calls to Plaintiff to be a violation of the TCPA;

b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c.  Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

34. V.S.G. qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect consumer debts in default.

35. V.S.G. qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

5

36.    V.S.G. violated 15 U.S.C. §§1692d, d(5), f, and g through its debt collection efforts.

**a.  Violations of  FDCPA §1692d**

37.    V.S.G. violated §1692d by engaging in conduct designed to harass, oppress, and abuse Plaintiff by repeatedly calling Plaintiff on his cellular phone attempting to collect the subject debt after he explained that he lives on social security disability benefits and cannot pay the subject debt.

38.    V.S.G. violated §1692d(5) when it caused Plaintiff's cellular phone to ring at all hours of the day, including evenings, Monday through Saturday, attempting to collect the subject debt.

**b.  Violations of  FDCPA §1692f**

39.    V.S.G. violated §1692f by using an unfair practice of placing repeated calls to Plaintiff's cellular phone at all hours of the day, including evenings, beginning in October 2014 through December 2014. The frequency of the calls has severely disrupted Plaintiff's everyday life and general well-being.

**c.  Violations of  FDCPA §1692g**

40.    Upon information and belief, V.S.G. violated §1692g by failing to send Plaintiff the required 30-day validation of debt notice within five days of its initial communication with Plaintiff.

41.    As pled above, Plaintiff was harmed by V.S.G.'s unlawful collection practices.

WHEREFORE Plaintiff, JAMES LUTTRELL, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

6

d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 19 as through fully set forth herein.

43. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

44. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

45. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

46. V.S.G. is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). V.S.G. engages in debt collection practices, an activity which is within the stream of commerce and utilized in V.S.G.'s regular course of business.

### a. Deception and Unfairness

47. It was unfair and deceptive for V.S.G. to harass Plaintiff through endless collection calls to his cellular phone after he revoked consent.

48. It was unfair for V.S.G. to place up to 3 calls per day to Plaintiff's cellular phone.

49. V.S.G. deceived Plaintiff into believing that he was not entitled to revoke any consent V.S.G. may have had to contact him on his cellular phone.

50. The phone harassment campaign V.S.G. has unleashed on Plaintiff is against public policy, immoral, unethical, and oppressive.

51.    As pled above, Plaintiff was substantially harmed by V.S.G.'s unfair and deceptive conduct.

52.    Upon information and belief, V.S.G. systematically places unsolicited and harassing collection calls to consumers in Illinois in order to aggressively collect debts in default.

53.    Upon information and belief, placing unsolicited and harassing collection calls to Illinois consumers is an unfair business practice willfully employed by V.S.G. and is done on a large scale.

54.    An award of punitive damages is appropriate because V.S.G.'s conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing collection calls.

WHEREFORE Plaintiff, JAMES LUTTRELL, requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against V.S.G.;

b.  Award Plaintiff his actual damages in an amount to be determined at trial;

c.  Award Plaintiff punitive damages in an amount to be determined at trial;

d.  Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: May 23, 2016                                        Respectfully Submitted,

                                                          /s/ Majdi Y. Hijazin_____
                                                          Majdi Y. Hijazin, *Of Counsel*

                                                          *Counsel for Plaintiff*
                                                          Sulaiman Law Group, LTD
                                                          900 Jorie Blvd, Ste 150
                                                          Oak Brook, IL 60523
                                                          Phone (630) 575-8181
                                                          Fax (630) 575-8188
                                                          mhijazin@hijazinlaw.com